# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS FAUCONIER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-05-39 |
| LLOYD WATERS and JOSEPH P. SACCHET | : | |
| Defendants | : | |

. . . . .o0o. . . . .

## MEMORANDUM OPINION

This civil rights action was filed on January 6, 2005. Currently pending in the case is Defendants' Motion to Dismiss (Paper No. 12) and Plaintiff's Opposition thereto (Paper No. 14). Upon review of the papers filed, this Court finds that a hearing in this case is not necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, the Motion to Dismiss will be granted.

Plaintiff alleges that from March 11, 1999 to March, 2001, while he was incarcerated at the Maryland Correctional Institution in Hagerstown (MCIH), he lacked access to the prison law library because there was no librarian employed by the prison. Papers No. 1 and 14. In March, 2001, a librarian was hired and remains employed at MCIH. Paper No. 12. Plaintiff claims that because he was unable to access the library he was prevented from filing a proper legal challenge to his criminal conviction in the State of Virginia, where he is currently incarcerated.[1] Plaintiff seeks only declaratory relief, and contends that his claim is not moot because he must establish cause for his procedural default in the Virginia courts. Paper No. 14.

---

[1] Plaintiff was released from the custody of the Maryland Division of Correction on May 11, 2004.

In their Motion to Dismiss, Defendants assert that the claims raised by Plaintiff are now moot because he has been released from Maryland's custody and the condition of which he complains is unlikely to occur again. Paper No. 12. Defendants further assert that the claim is barred by the statute of limitations. *Id*.

There is no federal statute of limitations for § 1983 actions, therefore the applicable state statute applies. *Burnett v. Grattan*, 468 U.S. 42 (1984); *see also Wilson v. Garcia*, 471 U.S. 261 (1985) (State statute governing personal injury should be applied to all § 1983 claims). Maryland has a three-year statute of limitations. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1995); *see Grattan v. Burnett*, 710 F.2d 160 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984).  Plaintiff's complaint concerns denial of access to a law library from March 11, 1999 to March of 2001.  It is undisputed that Plaintiff gained access to the law library in March, 2001.  At the latest, the instant action should have been filed within three years of March, 2001 instead, it was  filed ten months after the three year limitation period expired.  The claim is therefore subject to dismissal.

 A motion to dismiss filed pursuant to Rule 12(b)(6) ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Having determined that the instant claim is barred by the statute of limitations and that no tolling of the statute of limitations applies, the motion shall be granted.  Plaintiff is advised that dismissal of a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) is a dismissal for failure to state a claim upon which relief may granted and is included under the restrictions set forth in 28 U.S.C. §1915(g).  Under that statute, a prisoner litigant will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case is the first case filed by Plaintiff in this Court that has been dismissed for failure to state a claim.

      A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Dated:   May 4, 2005